# C. H. Meyer & Co.

### v.

# McKee, Quante & Co.

1. **Debtor and creditor—Composition agreement.**—In a composition agreement with creditors if the deed contains an absolute release of all debts and liabilites for a consideration *then paid* by the debtor, the creditor can not be allowed to show by parol evidence, in opposition to the terms of the deed, that a particular debt was not intended to be and was not included within its provisions.

2. **Same.**—A creditor can not recover any part of his debt withheld or reserved from the *operation* of the composition deed.

3. **Evidence—Parol.**—Parol evidence held competent in this case to show a non-compliance by the debtors with the conditions in the composition deed.

ERROR to the Circuit Court of Massac county; the Hon. OLIVER A. HARKER, Judge, presiding. Opinion filed July 10, 1886.

January 10, 1884, H. Rampendahl & Co., with plaintiffs in error, executed their promissory note to defendants in error for $2,500, payable sixty days after date, with eight per cent. interest from maturity until paid. This action being brought upon that note, the plaintiffs in error pleaded a release of the cause of action, and on the trial, after the plaintiff had introduced the note in evidence, they, in support of the plea, offered in evidence the claimed release as follows: " Whereas C. H. Meyer & Co. of Metropolis, Ill., are indebted to the undersigned, their creditors, in several sums of money which they are not able to fully satisfy and discharge, by reason whereof they have made an assignment for the benefit of their creditors; and whereas, also, the said C. H. Meyer & Co. are desirous of resuming business: Therefore, we, the undersigned creditors, have agreed and do hereby agree to accept of the sum of fifty cents on the dollar in full discharge and satisfaction of all debts owing to us, respectively, at the date hereof; the same being paid by several promissory notes of even date herewith, executed by C. H. Meyer & Co., with indorsements, payable to each of us, respectively, in full satisfaction of our several demands, and due in six, twelve, eighteen and twenty-four months after date. Now, therefore, know ye that, for the consideration aforesaid, each of us, the said creditors, who have hereto set our hands and seals for himself, herself, his or her heirs, executors, copartners and assigns, doth by these presents remise, release and discharge the said C. H. Meyers & Co., their heirs, executors and assigns, of and from our several debts and demands of every kind whatsoever, and all actions or causes of action against the said C. H. Meyer & Co., which each of us now hath or may hereafter have by reason of the premises; provided however, on this condition, that if the said C. H. Meyer & Co., their heirs, executors or assigns, fail to pay the said promissory notes hereinbefore mentioned, or either of them, at the time they respectively

become due, then this release to be void and of no effect whatever." This release was signed by the several creditors, among whom were the defendants in error. The plaintiff here introduced James M. Choate, who testified that he was a member of the plaintiff firm, and that plaintiffs in error never gave their notes indorsed for the payment of the note in suit, and never paid anything upon the note, for the reason that it was not included in the release; that at the time the release was given they were indebted to McKee, Quante & Co., $5,860 for goods sold, and that was what they were settling when they gave the release; that the note in suit was not released neither was it intended or understood to be; that the defendants, Meyer & Co., never gave them any notes for the $5,860 but paid $3,000 in cash. The testimony of this witness was objected to as being incompetent, but the court, trying the case without a jury, admitted it and exception was taken. The defendant Meyer then testified in behalf of his firm that he understood that the plaintiffs released all claims when they signed the release, and when they made the assignment they stated in their schedule that they owed the plaintiffs $5,860, as they did not know but what Rampendahl had paid the note in suit. This was in substance all the evidence, and the court found the issue for the plaintiffs and rendered judgment for the full amount of note and interest and the defendants, Meyer & Co., sued out this writ of error to reverse the judgment.

Messrs. Courtney & Helm, for plaintiffs in error; that a creditor who signs a composition agreement can not recover any part of his debt withheld or reserved from the operation of the agreement, cited Russell v. Rogers, 15 Wend. 351; Holmes v. Viner, 1 Esp. 131; Perry v. Armstrong, 39 N. H. 583.

Mr. J. F. McCartney, for defendants in error.

Pillsbury, P. J. The question presented by the record and argued by counsel is, whether the testimony of the witness Choate was properly admitted. It is argued by counsel that

the composition deed contains an absolute release of *all* actions and causes of action, for the consideration of the indorsed notes recited to have been executed and delivered as a satisfaction of the accord between the parties, and that to show by parol evidence that the note in suit was not included or intended to be included in the release, or that the defendants below, Meyer & Co., had not given the notes provided for in payment of the note sued upon, is a violation of the rule that such evidence can not be introduced to contradict, vary or explain the terms of a written agreement.

It may be conceded that if the deed contains an absolute release of all debts and liabilities for a consideration *then paid* by the debtor, the creditor can not be allowed to show by parol evidence in opposition to the terms of the deed that a particular debt was not intended to be, and was not, included within its provisions. To allow this would not only contradict the express terms of the deed but would also be a fraud upon the other creditors who consented thereto upon the faith that every creditor had presented all the claims to which he was justly entitled.

The cases referred to of Russell v. Rogers, 10 Wend. 474; Holmes v. Viner, 1 Esp. 131; Alsager v. Spalding, 4 Bing. (N. C.) 467, and Horton v. Riley, 11 M. & W. 492, would seem to be decisive of the question that a creditor can not recover any part of his debt withheld or reserved from the *operation* of the composition deed. But does the deed relied upon in this case have the operation contended for? Briefly stated its provisions are, that the creditors agree to accept fifty cents on the dollar due them in full satisfaction of their entire demands, which sum being paid in the promissory notes of the debtors bearing even date with the deed, with indorsers, and due in six, twelve, eighteen and twenty-four months, the creditors respectively release all debts, dues and demands of every kind and nature, upon the express condition that the debtors pay each and every of said notes when they severally mature, otherwise the release is to be void and of no effect. From the terms of the release it is clearly manifest that the real consideration of the accord was not the agree-

Meyer & Co. v. McKee, Quante & Co.

ment of the debtor to give his notes indorsed for a portion of the indebtedness due the respective creditors in discharge of the entire debt, but the payment of the sum, evidenced by such notes, in satisfaction of the accord.

The accord between the several creditors and their debtors to receive a part in satisfaction of the whole, was founded upon a valid consideration, in that the surrender, by each of the several creditors, of a part of their demand against the debtor, would sustain a like agreement on the part of the other.  Creditors thus mutually agreeing to accept a part of their demands in satisfaction of the entire debt undoubtedly have a right to attach such terms and conditions to the payment of the portion they are to receive as they may determine and if they prescribe as a condition of the release of any debt that such sum thus agreed upon shall be paid in installments at a particular time, otherwise the deed shall not operate as a release of such debt, no reason is suggested or perceived why such condition is not valid, and why the creditor can not show upon the trial a non-compliance by the debtor with such condition, and thereby establish that the deed in accordance with its own terms has become void and of no effect and can not therefore bar the action for the recovery of the debt.

It can not be seriously contended that by the provisions of this composition deed any of the creditors have agreed to accept fifty cents on the dollar of one particular claim, in satisfaction of all his demands, if the debtor owe him several different claims or debts.  In our opinion the deed, construing all its provisions together, does not make the *agreement* between the parties to receive and pay fifty per cent. of the debts, operate as a release and discharge of the entire debt, but it is the actual *performance* of the agreement by the debtor that is to have such effect ; for unless the note stipulated to be given with security, by indorsements, evidencing the time and manner of the payment of the several installments, are paid at maturity, the deed is void by its own terms.

In such case the deed can not be relied upon as a release if it appear that the debtor has failed to make the payments at

the time prescribed. Evans v. Powes, 1 Ex. Ch. 601 ; Hadley Falls Bank v. May, 29 Hun (N. Y.), 404.

Respecting the point made that the recital of the deed that the amount "being paid by promissory notes of even date herewith executed," etc., is conclusive of the fact stated, we are of the opinion that the recital is not of the character that estops the plaintiff from alleging and proving that the notes were never in fact executed and that no part of the accord was paid.

The practice is not uncommon of reciting in written agreements the receipt of the consideration in the past tense when it is understood that it is to be paid at the time of, or after the execution of the contract. Almost uniformly, deeds of bargain and sale recite the payment of the consideration at the time of ensealing the deed, yet it has never been supposed that where in fact the consideration was to be subsequently paid, that such recital stood in the way of the recovery of the actual consideration to be paid. Besides, the recital may as well refer to an understanding that the notes were to be executed on the same day *after* the execution of the deed as to an act done *before* it was made.

Greenleaf, in his work on Evidence, speaking of the rule that parol evidence can not be introduced to vary, contradict or explain a writing, says, section 285 : " Neither is this rule infringed by the introduction of parol evidence *contradicting* or *explaining* the instrument in some of its *recitals of facts*, where such recitals do not, on other principles, estop the party to deny them ; and accordingly in some cases such evidence is received.

Supporting this principle is the case of Goldshede v. Swan, 1 Ex. 153, which was an action based upon a written guaranty reciting that " in consideration of your having this day advanced, etc.," and it was objected that the guaranty was bad as referring to a past consideration and therefore no action could be maintained upon it.

Parol proof was introduced showing that it was signed simultaneously with the payment of the money referred to as being advanced, and that the guaranty had no reference to a

past consideration. The evidence was held properly received, the court holding that the expression "this day" may mean something that has been done or which is to be done this day and might be read as referring to future advances. So in Butcher v. Stuart, 1 M. & W. 857, the language of the undertaking was "in consideration of your having released the above named defendant from custody I hereby engage to pay, etc.," and it was held that evidence was admissible to show that the defendant was not released until after the execution of the agreement, and in the light of such evidence it could be read, as it really was, prospective upon the release of the debtor. Haigh v. Brooks, 10 Ad. & El. 309, is to the same effect.

It would seem from these authorities that no violence is done to the language used in the recital in construing it as referring to an act that was to be performed simultaneously with or on the same day after the execution of the deed, and such construction not being obnoxious to the law of evidence, and being in furtherance of justice and right between the parties, we have no doubt that the parol evidence introduced, in so far as it tended to show a non-compliance by Meyer & Co. with the conditions in the deed, was very properly admitted. It was then properly and fully established upon the trial that plaintiffs in error never gave any notes securing the fifty per cent. of the debt sued for in this case, and have never tendered or paid any portion of it, and as we think the conditions of the deed should be held to apply to each and every debt owing to the respective creditors, upon which they had agreed to accept a moiety in satisfaction of the whole, the payment of the amount of the accord upon the several debts of Meyer & Co. to the defendants in error can not be held to operate as a satisfaction of the accord as to the joint debt of Meyer & Co. and Rampendahl & Co. evidenced by the note in suit.

To maintain the defense to the note in suit the plaintiffs in error are necessarily driven to take the position that the terms of the release are broad enough to include the demand sued for in this case. We are disposed to admit the construc-

tion contended for and hold that the deed shows as valid an accord as to this debt as to any other; but the point seems to be overlooked that it is not the agreement to accept the moiety. of any demand in discharge of the whole that releases the debt, but the payments of the moiety agreed to be accepted at the time and in the manner provided for that satisfies the accord. The moiety never being secured, paid, or tendered, as agreed, and such payment being the real consideration, as we have seen, for the composition, the composition, by the terms of the deed itself, fails, leaving the plaintiffs at liberty to prosecute for and recover upon the original indebtedness. Evans v. Powes, *supra*.

The note in suit being within the terms of the release is subject to the conditions contained in the release upon which its operation depends.

No point was made in the court below nor in this court, that the present suit was prematurely brought, and we have not examined that question.

It has been submitted and argued upon the merits and we have so considered it.

No error appearing the judgment will be affirmed.

Judgment affirmed.